# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOE S. HEARNS JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-1148-G** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,[1]** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Joe S. Hearns Jr. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 10, hereinafter "R. _")[2], and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the case for further proceedings.

### PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff filed his DIB application on June 19, 2014, alleging a disability-onset date of May 5, 2014. R. 15, 174-80. Following a denial of his application initially and on

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

reconsideration, a hearing was held before an administrative law judge ("ALJ") on January 31, 2017. R. 15, 29-53, 54-77. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 48-51. The ALJ issued an unfavorable decision on April 4, 2017. R. 12-22.

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. R. 17. At step two, the ALJ determined that Plaintiff had the severe medically determinable impairments of sinusitis, diabetes mellitus, tenosynovitis, degenerative joint disease of the bilateral knees, arthritis of the upper extremities, obesity, and a history of sarcoidosis. R. 17-18. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 19.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all his medically determinable impairments. R. 20-21. The ALJ found that Plaintiff had the residual functional capacity to

> perform a range of light work as defined in 20 CFR 404.1567(b). [Plaintiff] can lift, carry, push, or pull up to 20 pounds occasionally; stand, walk, or sit, each, for six hours in an eight-hour workday. However, [Plaintiff] must avoid pulmonary irritants in the workplace.

R. 20. At step four, the ALJ considered the hearing testimony of the VE and found that Plaintiff could perform his past relevant work as a sales clerk and a food inspector. R. 22,

49-50.  Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.  R. 22; *see* 20 C.F.R. § 404.1520(a)(iv), (f).

Plaintiff's request for review by the SSA Appeals Council was denied on July 11, 2017, and the unfavorable determination of the ALJ stands as the Commissioner's final decision.  R. 1-6; *see* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied.  *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted).  The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met."  *Wall*, 561 F.3d at 1052 (internal quotation marks omitted).  While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

In this action, Plaintiff argues that the ALJ erred by: (1) failing to evaluate the impact of functional limitations assessed by a U.S. Department of Veterans Affairs ("VA") physician assistant, (2) improperly evaluating the medical opinion of Plaintiff's treating physician, Christopher Vaughns, MD, and (3) selectively citing the opinion of consultative psychological examiner Christina Whelan, PhD. *See* Pl.'s Br. (Doc. No. 12) at 8-14.

A. *Evaluation of VA Disability Assessment*

Plaintiff contends that the ALJ erred by failing to evaluate findings of functional limitations by William Richards, a physician assistant at the VA who completed an in-person disability examination of Plaintiff in October 2016. Pl.'s Br. at 10-11; R. 993-95, 997-1018. After examining Plaintiff's shoulders and arms, Mr. Richards found that Plaintiff would be limited in performing those occupational activities requiring

> reaching and arm use above shoulder level. [Plaintiff] would be limited in repetitive lifting, pushing, or carrying more than 25 pounds. [Plaintiff] would be limited at working at a high rate of speed and would need to take rest breaks at least every 20-30 minutes. [Plaintiff's] sedentary employment would require use of modifications such as use of headsets to answer telephones and forearm rests for use of computer keyboards.

R. 1003. After examining Plaintiff's hips, Mr. Richards found that Plaintiff's hip impairment would necessitate a range of work restrictions or accommodations, including:

> [N]o prolonged standing, limited stair climbing, stooping, squatting, and excessive forward bending. Special accommodations to provide a higher chair or firm cushions with arm rests to assist with standing would be helpful.

R. 1011. Mr. Richards also evaluated Plaintiff's complaints stemming from his diabetic neuropathy, finding that Plaintiff

should avoid extreme temperature variations or moist/wet areas. Extended/prolonged standing could increase complications, so reassignment to a more sedentary position may be required. The use of gloves and appropriate footwear (safety shoes) may be necessary. [Plaintiff] should also avoid direct skin exposure to chemicals.

R. 1017.

In the written decision, the ALJ briefly cited summarized Plaintiff's treatment history, but did not evaluate Plaintiff's treatment at the VA in any detail, and did not discuss Mr. Richards' findings at all or assign any weight to his opinions.[3] R. 20-21. Nor did the ALJ discuss the VA's 2016 finding that Plaintiff had a combined 100% service-connected disability rating based on multiple conditions. R. 205, 882;[4] *see also* R. 43-44.

SSA policy requires an ALJ to consider disability determinations made by other agencies. *See* SSR 06-3p, 2006 WL 2329939, at *6-7 (prescribing that while determinations made by other agencies are not binding on the SSA, the SSA is required "to evaluate all the evidence in the case record that may have a bearing on our . . . decision of

---

[3] The Social Security Regulation applicable to Plaintiff's application provided that a physician assistant is an "other" medical source, whose opinion cannot establish the existence of a medically determinable impairment. *See* SSR 06-3p, 2006 WL 2329939, at *2 (Aug. 9, 2006). However, information from a physician assistant "may be based on special knowledge" of a claimant's condition and "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* Social Security Ruling 06-3p has been rescinded for claims filed on or after March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 2017 WL 1105348 (Mar. 27, 2017). For claims filed on or after that date, a licensed physician assistant is an acceptable medical source with regard to "impairments within his or her licensed scope of practice." 20 C.F.R. § 404.1502(a)(8).

[4] VA disability compensation is a monthly tax-free benefit paid to veterans who are disabled due to injuries or diseases that were incurred or aggravated during active duty, active duty for training, or inactive duty training. U.S. Dep't of Veterans Affairs, *VA Disability Compensation*, http://www.va.gov/disability/ (last visited Sep. 23, 2019).

disability, including decisions by other governmental and nongovernmental agencies" and that evidence of a disability decision by another agency "cannot be ignored and must be considered"); *see also Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (noting that findings by other agencies "are entitled to weight and must be considered" (internal quotation marks omitted)). The Tenth Circuit has instructed that an ALJ "must consider" another agency's assessment "and explain why" he or she "did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). The requirement placed on an ALJ to evaluate another agency's disability decision can further extend to the evidence that was underlying that agency's decision.

> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, . . . Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."

SSR 06-3p, 2006 WL 2329939, at *7.[5]

The ALJ's failure to evaluate Plaintiff's VA disability rating and Mr. Richards' in-person examination findings is improper pursuant to Social Security Ruling 06-3p and the governing authorities cited above. *See Grogan*, 399 F.3d at 1263; *Kanelakos v. Astrue*, 249 F. App'x 6, 9 (10th Cir. 2007) (reversing denial of benefits and holding that an ALJ's

---

[5] Further, an ALJ is obligated to discuss significantly probative evidence he or she rejects. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). By declining to discuss the findings of Mr. Richards or the accompanying medical evidence and rating from the VA, the ALJ did not meet this standard.

"summary treatment" of a VA disability rating was "inadequate under the standard announced in *Grogan*" and "affected the disability analysis as a whole")

Defendant argues that this error is harmless, because the ALJ provided valid reasons for discounting the opinion of Plaintiff's treating physician, Dr. Vaughns, and those reasons "apply with equal force to the limitations that Mr. Richards endorsed." Def.'s Br. at 8. Defendant notes that both Dr. Vaughns and Mr. Richards worked for the VA and issued their opinions in October 2016. *See id.* at 12. Defendant further argues that Mr. Richards' examination revealed "mostly normal" findings with respect to Plaintiff's right arm and showed full strength in his upper and lower extremities. *Id.* at 13.

The Court disagrees. Mr. Richards' findings required independent assessment. *See Kanelakos*, 249 F. App'x at 8, 9. Acceptance of Defendant's argument would be an improper post hoc effort to salvage the ALJ's decision. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *see also Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004).

This matter must be remanded for further consideration by the Commissioner. *See* SSR 06-3p, 2006 WL 2329939, at *6-7.

B. *Other Arguments*

The Court agrees that the ALJ's erroneous evaluation of the VA evidence requires remand and therefore does not address Plaintiff's remaining claims of error. *See Watkins*, 350 F.3d at 1299.

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2019.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge